**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JIAN F. HE, LAI LEE, YONG D. LIN, LIN H.         :
WEI,
                                                 :        MEMORANDUM DECISION AND
                                                 :                ORDER
                        Plaintiffs,              :
                                                 :           09 Civ. 5630 (GBD)
              -against-                           :
                                                 :
                                                 :
HOME ON 8th CORP. (D/B/A HOME ON 8th),           :
HENRY LI, JOHN DOE (A/K/A MANAGER LI),           :
                                                 :
                        Defendants.              :
                                                 :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

     This Court held a bench trial to adjudicate the claims of Plaintiffs Jian F. He, Lai Lee,[1]

Yong D. Lin, and Lin H. Wei against Defendant Henry Li.  Plaintiffs allege that Defendant violated

portions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New

York Labor Law ("NYLL") Section 190 *et seq.*, as well as Title 12 of New York's Compilation of

Codes, Rules and Regulations, by insufficiently compensating Plaintiffs for their work at

Defendant's restaurant, Home on 8th.

     Defendant conceded after trial that—even assuming he is eligible for the tip credit under

the FLSA and tip allowance under New York regulations—he underpaid the hourly wages of

Plaintiffs Lin, He, and Wei. *See* Def.'s Mem. 1, 9, 19.[2]  Defendant further concedes that he did

---

[1] The correct spelling of Plaintiff Lee's last name is "Li." Stipulations of Fact ("Stips.") ¶ 40.  Consistent with the
Complaint, this decision refers to Plaintiff Lai Li as Plaintiff Lee.

[2] "Def.'s Mem." refers to Defendant's Post-Trial Memorandum.  ECF No. 76.

not pay Plaintiffs Lin, He, and Wei sufficient spread-of-hours pay. *See id.* at 1, 21; *see also* Tr.[3] 325:03-326:03. Otherwise, Defendant disputes Plaintiffs' allegations.

This Opinion constitutes this Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52.[4] Defendant did not provide the notice required by the FLSA, 29 U.S.C. § 203(m) (2012), or the statements of wages required by New York regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2 (2009). Therefore, neither the FLSA's tip credit nor the New York regulations' tip allowance applies, and Defendant is liable for the difference between the wages he paid and the higher of the federal or state minimum wage.[5] Defendant has not proved that he attempted in good faith to comply with the FLSA. Therefore, liquidated damages are awarded under the FLSA. However, Plaintiffs have not proved that Defendant's FLSA and NYLL violations were willful. Therefore, the statute of limitations under the FLSA is two years, and liquidated damages are not available under the NYLL. Defendant is liable for overtime pay pursuant to the FLSA and NYLL, spread-of-hours pay pursuant to New York regulations, time spent working before Home on 8th opened at 11:00 a.m. on weekdays, and time spent eating meals. Finally, Defendant is liable for reasonable bicycle-related expenses.

## PROCEDURAL HISTORY

Plaintiffs brought this action on June 19, 2009 against Home on 8th Corp., a restaurant, and its owners Defendant Li and Stephen Li. Originally, Plaintiffs brought retaliation claims against Defendant Li, but Plaintiffs are no longer pursuing those claims. Stips. ¶ 4. Defendant Li

---

[3] "Tr." refers to the transcript of the trial held in this case. ECF Nos. 68, 70, 72.

[4] Plaintiff Lee, who was a temporary employee, did not appear for trial, nor did he testify at trial live or by stipulated sworn declaration. Because Plaintiff Lee has not proved by a preponderance of the evidence that he suffered damages, his claims are dismissed.

[5] Under the FLSA, the higher of the federal or state minimum wage is used to calculate damages. 29 U.S.C. § 218(a) (2012); *see also Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 248 (2d Cir. 2011) ("[T]his clause demonstrates Congress' intent to allow state wage laws to co-exist with the FLSA . . . ."); *Cao v. Wu Liang Ye Rest. Inc.*, No. 08 Civ. 3725 (DC), 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010) ("The federal minimum wage is intended to be a floor, not a ceiling on the amount an employee is entitled to receive.").

and Stephen Li filed for bankruptcy, and this Court entered a Default Judgment against Defendant Home on 8th Corp.[6]  *See* ECF No. 53.  The bankruptcy stay was lifted as to Defendant Li, but not as to Stephen Li, who obtained a bankruptcy discharge in September 2011.  Stips. ¶ 6.  Plaintiffs bring their remaining claims solely against Defendant Henry Li, and seek damages for the period of March 1, 2007 through December 30, 2009.  *Id.* ¶¶ 3, 6.  From August 15 to 17, 2012, this Court held a bench trial to address whether Defendant Henry Li is liable.  At trial, the direct testimony of Plaintiffs Lin, He, and Wei was offered through their sworn declarations.  Because of his absence at trial, Plaintiff Lee's testimony was not offered, nor was any prior declaration offered to this Court as admissible evidence.  This Court permitted the parties to submit supplemental briefing regarding their positions with respect to Defendant's liability.  *See* ECF Nos. 75-78.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 52(a) provides, in relevant part, that a court conducting a bench trial "must find the facts specially and state its conclusions of law separately," and that "[j]udgment must be entered under Rule 58." Fed. R. Civ. P. 52(a)(1).  Rule 52(a) further provides that such findings of fact, "whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6).

---

[6] After the default judgment, this Court referred this case to Magistrate Judge Dolinger for a determination of damages as to Defendant Home on 8th Corp.  *See* Order, ECF No. 54.  That inquest was postponed until Defendant Li's liability could be determined at trial.  *See* Order, ECF No. 59.  After trial, this Court again referred the entire case to Judge Dolinger for a joint determination of damages as to Defendants Li and Home on 8th Corp.  *See* Order, ECF No. 80.

## FINDINGS OF FACT

### The Parties' Employment Relationship

Defendant Henry Li was an owner and manager of a restaurant, Home on 8th, from 2003 until the restaurant closed in 2011. Tr. 235:02-05, 252:08. Home on 8th was located at 391 8th Avenue, New York, New York, between 29th and 30th Streets. Stips. ¶ 5. Plaintiffs were Defendant Li's employees, and were delivery workers at Home on 8th for various periods of time. Henry and Stephen Li speak fluent English and Cantonese. *Id.* ¶ 20. Plaintiff Wei speaks fluent Mandarin and a few words and phrases in English. *Id.* ¶ 21. Plaintiffs Lin, He and Lee are native Fuzhounese speakers, who speak some Mandarin and a few words and phrases in English. *Id.* ¶ 22.

Plaintiff He worked from approximately February 6, 2008 through December 30, 2009, with a leave of absence from September 1, 2008 through November 16, 2008, and was the only employee still employed when Plaintiffs filed suit. He Decl. ¶ 2.[7] Plaintiff Lee worked from approximately September 1, 2008 through November 16, 2008. *Id.* ¶¶ 2, 9. Plaintiff Lin worked from approximately March 8, 2007 through February 16, 2009, with a leave of absence from October 15, 2007 to November 25, 2007.[8] *See* Lin Decl. ¶ 2; Tr. 66:13-16, 171:24-172:06, 173:18-

---

[7] References to "Decl." refer to the declarations of Plaintiffs He, Lin, and Wei, ECF Nos. 43, 45, 46, which constitute Plaintiffs' direct testimony at trial. *See* Tr. 28:16-17. Because Plaintiff Lee did not testify at trial, his declaration, ECF No. 44, was not admitted.

[8] Defendant does not appear to dispute the majority of these employment dates, but he does dispute certain of Plaintiff Lin's dates. Because Plaintiff Wei directly contradicted Plaintiff Lin's assertion that he began work on March 1, 2007, *see* Tr. 66:13-16, this Court finds that Plaintiff Lin began work on or about March 8, 2007. *See* Tr. 171:24-172:06. Similarly, Plaintiff Lin admitted he travelled to China on October 20, 2007, and that his last work day was six or seven days earlier. *See* Tr. 173:18-175:06. Because this refutes Plaintiff Lin's prior claim that his leave of absence began on October 22, 2007, *see* Lin Decl. ¶ 2, this Court finds that Plaintiff Lin's leave of absence began on or about October 15, 2007. Defendant also argues that Plaintiffs took days off while employed by Home on 8th. Def.'s Mem. 7-8. However, as Plaintiffs note, Defendant did not keep a record of Plaintiffs' hours. Pls.' Post-Trial Mem. at 8. If Magistrate Judge Dolinger determines during the inquest on damages that Plaintiffs took days off during their employment, the amount of damages should be reduced accordingly.

175:05. Plaintiff Wei worked from approximately March 1, 2007 through March 20, 2008. Wei Decl. ¶ 2.

### Evidence Pertaining to Plaintiff Lee's Employment

Plaintiff Lee worked as Plaintiff He's replacement during Plaintiff He's leave of absence from September 1, 2008 through November 16, 2008. He Decl. ¶ 9; Lin Decl. ¶ 9. It is possible that during this time Plaintiff Lee took days off. Tr. 178:25-179:2, 276:5-10. Plaintiff Lee did not testify at trial as to the hours he worked or the pay he received. *See* Tr. 24:1-6. There is no evidence regarding whether Plaintiff Lee was aware of his rights under the FLSA or NYLL. Similarly, there is not sufficient evidence to determine whether Defendant or another managerial employer at Home on 8th informed Plaintiff Lee of the relevant provisions of the FLSA or Defendant's intention to take the tip credit. Plaintiff Lee does not claim bicycle-related expenses. *See* Pls.' Post-Trial Mem. at 13 n.12, ECF No. 75.

### Notice Under the FLSA

It is undisputed that Plaintiffs received more than $30 per month in tips. Tr. 20:07-11. Defendant claims he told Plaintiffs when they began working at Home on 8th that part of their compensation would be in tips. Plaintiffs Lin and He confirmed that such conversations took place. *Id.* 115:24-116:02, 190:22-25, 308:11-22. Although Defendant concedes that he never told Plaintiffs specifically that he was taking the tip credit, *see id.* 308:07-22, he claims he posted a notice "since day one" in an area Plaintiffs frequented that explained his obligation to pay a minimum wage. *Id.* 265:02-19. Plaintiffs He, Lin, and Wei do not recall any such poster. He Decl. ¶ 4; Lin Decl. ¶ 4; Wei Decl. ¶ 4. At trial, Defendant was unable to produce any notice that existed prior to this lawsuit. Tr. 391:02-21.

*Wage Statements Under New York Regulations*

From 2007 through the beginning of 2009, Defendant paid Plaintiffs a flat monthly wage without regard to the hours that they worked. These monthly rates of pay are not in dispute.[9] Stips. ¶¶ 37, 42, 47, 48, 54. Defendant also did not provide Plaintiffs with statements of wages or allowances taken with each payment of wages. *Id.* ¶ 62; Wei Decl. ¶ 5; Lin Decl. ¶ 5; He Decl. ¶ 5.[10]

*Plaintiffs' Hours*

Plaintiffs He, Lin, and Wei state the number of hours they worked per week in their sworn declarations. *See* He Decl. ¶ 7, 9; Lin Decl. ¶ 7, 9; Wei Decl. ¶ 7, 9. These Plaintiffs consistently worked over forty hours per week. *See id.* Home on 8th's business hours, at all relevant times, were 11:00 a.m. to 10:00 p.m. Monday through Friday, and 12:00 p.m. to 10:00 p.m. on Saturday and Sunday. Stips. ¶ 10. Plaintiffs He, Lin, and Wei testified that they arrived at 10:30 a.m. on weekdays, at which time they distributed menus, assembled utensil packets, and made occasional deliveries. Tr. 86:03-89:06, 91:11-93:04, 144:12-144:24; He Decl. ¶ 6; Lin Decl. ¶ 6; Wei Decl. ¶ 6. Plaintiffs worked until 10:00 p.m. on weekdays. He Decl. ¶ 7; Lin Decl. ¶ 7; Wei Decl. ¶ 7. Plaintiffs He, Lin, and Wei testified that their weekend schedules alternated between working one day from 12:00 p.m. to 10:00 p.m. and both weekend days from 6:00 p.m. to 10:00 p.m. *Id.*

---

[9] Plaintiff He earned $700.00 per month from February 6, 2008 through March 31, 2008; $750.00 per month from April 1, 2008 through about March 31, 2009 (except for during his leave of absence); $1,200.00 per month from about April 1, 2009 through April 30, 2009; and $1,000.00 per month from May 1, 2009 through September 20, 2009. From September 21, 2009 through December 30, 2009, Plaintiff He received checks from Defendant in varying amounts as reflected in Exhibit 4 to the stipulation of undisputed facts and Exhibit B to Plaintiff He's Declaration. *See* He Decl. ¶ 8, Ex. B; Stips. ¶¶ 46-49, Ex. 4. Plaintiff Lin earned $700.00 per month from March 8, 2007 through October 15, 2007, and $1,200.00 per month from November 25, 2007 through February 16, 2009. *See* Lin Decl. ¶ 8; Stips. ¶ 37. Plaintiff Wei earned $700 per month throughout his employment. *See* Wei Decl. ¶ 9; Stips. ¶ 54.

[10] Because Plaintiffs assert that they did not receive statements of wages, and Defendant did not testify that he provided such statements after May 2009, this Court finds by a preponderance of the evidence that Defendant did not provide Plaintiffs with such statements.

Beginning the week of September 21, 2009, Plaintiff He was required to sign in and out every day. Those time sheets, where available, reflect his hours for that period.  He Decl. ¶ 7; Stips. ¶¶ 44, 66.  Defendant agrees that two delivery workers distributed menus every weekday before February 16, 2009 starting at 10:30 a.m., *see* Def.'s Mem. 4, but testified that, while the third worker "show[ed] up at 10:30," he was not instructed to arrive before 11:00 a.m.  Tr. 276:15-277:01.

Home on 8th typically provided two meals per day to Plaintiffs, the first at approximately 3:00 p.m. and the second between 8:00 p.m. and 9:00 p.m.  Stips. ¶ 32.  The majority of Plaintiffs' meals essentially lasted as long as it took for them to eat—usually ten to fifteen minutes.  Tr. 76:11-25; He Decl. ¶ 10; Lin Decl. ¶ 10; Wei Decl. ¶ 10.  During busy periods, Plaintiffs sometimes were precluded from eating meals.  *Id.*; Tr. 76:16.

### *Willfulness and Good Faith*

Defendant knew of the minimum wage laws, but did not recall taking steps to ascertain his obligations under those laws.  *See* Tr. 305:25-307:05 (showing that Defendant knew the amount of the untipped minimum wage and performed a "rough calculation" to determine whether Plaintiffs' pay exceeded that wage); Li Depo. Tr.[11] 187:05-12 (showing that Defendant was aware of his obligation to pay a minimum wage); *Id.* 203:18-204:02 ("I don't know if there is any methods I used to address [compliance with minimum wage laws], because . . . there were never any complaints and we thought that everything we were doing was fine . . . ."); *Id.* at 204:04-14 ("I never told them the minimum wage is this . . . I didn't know I had to tell them. . . .  [I]t didn't seem like I was told, okay this is information that all employees must know before you hire them.").  Defendant believed that he was paying the minimum wage because Plaintiffs' wages, when tips were included, exceeded the non-tipped minimum wage.  *See* Tr. 306:22-307:05.

---

[11] References to "Li Depo Tr." refer to portions of Defendant's deposition that were admitted at trial.  *See* Tr. 39-48.

*Bicycle Expenses*

Plaintiffs Wei, He, and Lin used their own bicycles to make deliveries, and they incurred expenses when they had to repair or replace their bicycles, as well as when they needed to buy helmets, chains, and bicycle locks. Tr. 66:20-23, 98:07-09, 168:01-03; He Decl. ¶ 11; Lin Decl. ¶ 11; Wei Decl. ¶ 11. Defendant did not tell Plaintiffs that they needed bicycles to be employed at Home on 8th, but he "expected" Plaintiffs to use their own bicycles to make deliveries. Stips. ¶ 29. Plaintiffs generally made deliveries for Home on 8th to customers located between 14th Street and 42nd Street on the North/South axis, and between Broadway and Twelfth Avenue on the East/West axis, with rare exceptions. Stips. ¶ 12. Defendant did not reimburse Plaintiffs for any bicycle-related expenses. *Id.* ¶ 30.

## DETERMINATIONS

### I. Defendant's Liability as to Plaintiff Lee

Defendant argues that Plaintiff Lee's action should be dismissed for failure to prosecute because he did not attend the trial. Def.'s Mem. 21; *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004) (explaining that dismissal for failure to prosecute is "one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court"). Instead, his action is dismissed because there is insufficient evidence to support a finding that Defendant is liable with respect to Plaintiff Lee. While there is some evidence to suggest that Plaintiff Lee replaced Plaintiff He during Plaintiff He's eleven-week leave of absence from Home on 8th, *see* He Decl. ¶ 9; Lin Decl. ¶ 9, there is insufficient evidence as to the number of days or hours Plaintiff Lee actually worked.[12]

---

[12] Both Plaintiffs Lin and He testified via declaration to Plaintiff Lee's hours and pay. He Decl. ¶ 9; Lin Decl. ¶ 9. Plaintiff He was in China at the time of Plaintiff Lee's employment and merely testified to what he "believed" to be Plaintiff Lee's hours and pay in Plaintiff He's absence. This Court therefore does not credit his personal knowledge. Plaintiff Lin testified to Plaintiff Lee's hours, and testified that Defendant Li informed him of

Moreover, there is insufficient evidence as to whether Plaintiff Lee was informed of the relevant FLSA provisions or Defendant's intention to take the tip credit. In the absence of Plaintiff Lee's testimony regarding his hours and pay at Home on 8th and the extent of his knowledge of Defendant's intention to take the tip credit, a reasonable calculation of any underpayment or damages is impossible.

## II. The Tip Credit Under the FLSA and Tip Allowance Under New York Regulations

The parties agree that Defendant underpaid Plaintiffs the statutory hourly rate,[13] but disagree as to whether Defendant satisfied the prerequisites to receive the FLSA's "tip credit" or the "tip allowance" under New York regulations. Both terms describe a rule whereby an employer can "credit" money its employee receives in tips against the statutory minimum wage it owes the employee, reducing the wage obligations of the employer. *See Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 228 (S.D.N.Y. 2002) (describing tip credit); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011) (stating requirements for tip allowance). If this credit applies here, the minimum wage Defendant owes the Plaintiffs is the lower "tipped" minimum wage, and Defendant's underpayment is relatively minor. If it does not apply, Defendant owes Plaintiffs the full minimum wage. For the reasons that follow, Defendant is entitled to neither the tip credit nor the tip allowance.

---

Plaintiff Lee's monthly pay. At trial, when asked if Plaintiff Lee ever missed a day of work, Plaintiff Lin replied: "I do not know." Tr. 178:25-179:2. On this record, there is insufficient evidence to determine the hours worked and compensation given to Plaintiff Lee.

[13] "Plaintiffs" hereinafter refers exclusively to Plaintiffs He, Lin, and Wei, and excludes Plaintiff Lee.

### A. *The Tip Credit Under the FLSA*

Although the FLSA allows an employer to take a tip credit with respect to tipped employees,[14] he cannot do so until (1) he has informed such employees of the provisions of 29 U.S.C. § 203(m), and (2) he permits the employees to retain all tips they receive. *See* 29 U.S.C. § 203(m). These two requirements "are strictly construed, and must be satisfied even if the employee received tips at least equivalent to the minimum wage." *Chung*, 246 F. Supp. 2d at 229 (citations omitted). "[I]f the penalty for omitting notice appears harsh, it is also true that notice is not difficult for the employer to provide." *Copantitla*, 788 F. Supp. 2d at 288 (quoting *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992)) (internal punctuation omitted). Employers bear the burden of showing that they satisfied the FLSA's notice requirement by, for example, "providing employees with a copy of § 203(m) and informing them that their tips will be used as a credit against the minimum wage as permitted by law." *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 313483, at *18 (S.D.N.Y. Feb. 1, 2007), *abrogated on other grounds by Barenboim v. Starbucks Corp.*, 698 F.3d 104 (2d Cir. 2012).

While it is undisputed that Plaintiffs were allowed to keep their tips, the parties disagree about whether Defendant provided adequate notice. First, the parties disagree as to whether Defendant hung a poster that contained the required information before this lawsuit was filed. Defendant was unable to produce any poster—or even a picture of such a poster hanging on the wall of Home on 8th—dated before the commencement of this lawsuit that explained his minimum wage obligations, although he claims such a notice existed "since day one." *See* Tr. 265:02-19, 391:02-21. Plaintiffs saw no such poster. He Decl. ¶ 4; Lin Decl. ¶ 4; Wei Decl. ¶ 4. Defendant's

---

[14] The FLSA defines "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t) (2012). The parties do not dispute that Plaintiffs were tipped employees. Tr. 20:07-11.

failure to produce any poster that he claims he hung before this lawsuit was filed weighs in Plaintiffs' favor, especially because someone being sued for failing to comply with federal and state minimum wage laws likely would have a strong incentive to preserve all documents relating to his compliance with such laws.[15]

Citing cases from other Districts, Defendant next argues that an employer gives sufficient notice if he informs an employee that his wages will consist partially of tips. *See* Def.'s Mem. 12-14; *Vancamper v. Rental World, Inc.*, No. 10 Civ. 209, 2011 WL 1230805, at *6 (M.D. Fla. Mar. 31, 2011). The FLSA's requirement that employees be "informed by the employer of the provisions of [§ 203(m)]" at least extends to informing employees that the employer will use tips to satisfy its obligation to pay a minimum wage. *See Copantitla*, 788 F. Supp. 2d at 288 (finding notice insufficient where employer told employees that part of their compensation would be made in tips, and collecting similar cases). Defendant did not inform Plaintiffs that he intended to use their tips to satisfy his minimum wage obligation. *See* Tr. 308:11-22. Thus, Defendant is not entitled to the tip credit under the FLSA because he did not satisfy the attendant notice requirement. However, because Plaintiffs necessarily had notice of § 203(m) when they filed this action on June 19, 2009, and because Plaintiff He was the only plaintiff then working at Home on 8th, Defendant is entitled to a tip credit under the FLSA as to Plaintiff He for the period of June 19, 2009 to December 30, 2009.

---

[15] Even had Defendant hung such a poster, at least one court has held that a poster containing the required information that is hung in an area employees frequent does not, by itself, constitute notice if (1) its content is written in a language that the employees do not understand, and (2) the employer has not additionally sought to inform employees of the requirements of § 203(m). *See Chan*, 2007 WL 313483, at *8, *19. Like the employees in *Chan*, Plaintiffs do not speak English, and Defendant does not argue that he took additional steps to inform Plaintiffs of § 203(m)'s requirements.

## B. *The Tip Allowance Under New York Regulations*

The New York regulations in effect during the period relevant to this cause of action only "allow[] employers to credit a portion of an employee's tips . . . as allowances against the minimum wage requirement when certain preconditions are met." *Copantitla*, 788 F. Supp. 2d at 290 (quoting *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309 (E.D.N.Y. 2009)).[16]  The first of these preconditions requires employers to "furnish to each employee a statement with every payment of wages listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages." N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2; *Copantitla*, 788 F. Supp. 2d at 290. The parties agree that Defendant did not provide such wage statements until at least May 2009, Stips. ¶ 62.[17]  Thus, Defendant is not entitled to a tip allowance according to New York regulations.

## III. The Statute of Limitations

Actions under the FLSA must be commenced within two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a) (2012). The statute of limitations under the NYLL is six years with no showing of willfulness required. N.Y. Lab. Law §§ 198(3), 663(3) (2009).

An employee has the burden to show that his employer's violation of the FLSA was willful. *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (citing *Herman v. RSR Sec.*

---

[16] The relevant New York regulations were repealed and replaced. *See generally* N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.1-9 (2014). However, the new provisions do not apply retroactively, as "retroactive operation is not favored by New York courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." *CFCU Cmty. Credit Union v. Hayward*, 552 F.3d 253, 262 (2d Cir. 2009) (citation and internal brackets omitted). The language of the new regulations does not expressly or impliedly require retroactive operation, and there is nothing in the legislative history that requires retroactivity. *See Chenensky v. N.Y. Life Ins. Co.*, No. 07 Civ. 11504 (WHP), 2012 WL 234374, at *3 (S.D.N.Y. Jan. 10, 2012). Therefore, the New York regulations in effect when this lawsuit was filed control this Court's analysis.

[17] *See* He Decl. ¶ 5 ("In May 2009, when I began receiving [personal] checks from Home on 8th, the checks had handwritten numbers in the lower left corner, but I did not know, nor was I told, what the numbers meant."); *see also* Tr. 321:1-24 ("I believe the reason why I converted to checks was to have better documentation of their withholdings and their deductions. I believe that was probably the case.").

*Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999), *holding modified on other grounds by Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003)). An employer willfully violates the FLSA where he "either knew or showed reckless disregard for the matter of whether [his] conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also Young*, 586 F.3d at 207 ("Mere negligence is insufficient."). "An employer may act unreasonably and yet not recklessly." *McLean v. Garage Mgmt. Corp.*, No. 10 Civ. 3950 (DLC), 2012 WL 1358739, at *7 (S.D.N.Y. Apr. 19, 2012) (citing *McLaughlin*, 486 U.S. at 135 n.13). "Recklessness is defined as, at the least, an extreme departure from the standards of ordinary care, to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *Id.* (quoting *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009)) (internal punctuation omitted). An employee can demonstrate his employer's reckless disregard of the FLSA's requirements by proving his employer was subjectively aware of a "substantial danger" that the violation existed. *Id.*

　　　Plaintiffs have not met their burden. Defendant's violations of the FLSA, while likely negligent or unreasonable, do not rise to the level of willfulness. Plaintiffs cite the fact that Defendant knew the minimum wage but failed to investigate his obligations under the minimum wage laws to show that Defendant acted in reckless disregard as to whether the FLSA prohibited his conduct. *See* Pls.' Post-Trial Reply Mem. 10, ECF No. 78; Tr. 305:22-308:06; Li Depo Tr. 203:18-204:02. Plaintiffs also point to Defendant's testimony that, based on his own calculation, Defendant wrongly believed that he was paying the minimum wage because Plaintiffs' wages, when tips were included, exceeded the non-tipped minimum wage. *See* Tr. 306:22-307:05. Still, Plaintiffs have offered no evidence that demonstrates that Defendant violated the FLSA knowingly

or that he subjectively knew of a substantial risk that he was violating the FLSA such that his violation was reckless.  Therefore, Defendant's FLSA violation was not willful, and damages will be assessed based on a two-year statute of limitations.

## IV. Liquidated Damages

Under both the FLSA and NYLL, a court may award liquidated damages in addition to compensatory damages.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1) (2009).  The FLSA provides for an award equal to one-hundred percent of a plaintiff's compensatory damages, while the NYLL in effect during the period at issue provides for a twenty-five percent award.[18] *See* 29 U.S.C. § 216(b) (2012); N.Y. Lab. Law §§ 198(1-a), 663(1); *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008).  Because liquidated damages under the FLSA and NYLL "serve fundamentally different purposes," a court may order separate awards under both statutes. *Saigon Grill*, 595 F. Supp. 2d at 262 (citations omitted).

### A. *Liquidated Damages Under the FLSA*

An employer who violates the FLSA's minimum wage or overtime provisions is liable for liquidated damages unless he shows that he acted "in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260 (2012). It is the defendant's burden to prove by a preponderance of the evidence that he acted in good faith. *Herman*, 172 F.3d at 142 ("The *employer* bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception.") (citation omitted, emphasis added); *see also Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). "To establish good faith, the employer must

---

[18] The current NYLL provisions also provide for a one-hundred percent liquidated damages award, but, for the reasons discussed in footnote 16, these provisions are not applicable retroactively.

take *active steps* to ascertain the dictates of the FLSA and then act to comply with them." *Herman*, 172 F.3d at 142 (citing *Reich*, 121 F.3d at 71) (emphasis added).

Defendant failed to meet his burden to show that he took such "active steps." In his deposition, Defendant admitted that he did not attempt to determine his obligations under the FLSA before this lawsuit was filed. *See* Li Depo. Tr. 203:18-204:02 ("I don't know if there is any methods I used to address [compliance with minimum wage and overtime laws], because . . . there were never any complaints and we thought that everything that we were doing was fine . . . ."); *id.* at 204:04-14 ("I never told them the minimum wage is this . . . I didn't know I had to tell them. . . . [I]t didn't seem like I was told, okay this is information that all employees must know before you hire them."). Defendant did not supplement this evidence with anything that shows he acted in good faith to determine his obligations. For example, the fact that Defendant performed a "rough calculation" to determine what he owed Plaintiffs does not show that Defendant actively sought to understand and comply with the minimum wage laws. *See* Tr. 306:22-307:05. Therefore, Defendant is liable to Plaintiffs for liquidated damages under the FLSA.

**B. *Liquidated Damages Under the NYLL***

Liquidated damages are available under the NYLL where a defendant's failure to pay the required wage was willful. *Copantitla*, 788 F. Supp. 2d at 317 (citing N.Y. Lab. Law § 198(1-a)). "[T]he NYLL's willfulness standard does not appreciably differ from the FLSA's willfulness standard." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011) (citations omitted). Because this Court finds that Defendant's underpayment was not willful under the FLSA, *see* Section III, Plaintiffs also are not entitled to liquidated damages under the NYLL.[19]

---

[19] An amendment to the NYLL that took effect on November 24, 2009 shifted the burden to the defendant to "prove[] a good faith basis to believe that its underpayment of wages was in compliance with the law." *See* N.Y. Lab. Law § 198(1-a) (2009). For the reasons discussed in Section IV.A., Defendant's actions do not provide the requisite good faith basis for belief for the period of November 24, 2009 to December 30, 2009.

## V. Additional Unpaid Compensation

### A. *Overtime and "Spread-Of-Hours"*

The FLSA and New York regulations mandate that employers pay their employees overtime pay in the amount of time-and-a-half for any time worked beyond 40 hours per week. 29 U.S.C. § 207(a)(1) (2012); N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3 (2009). Plaintiffs also are entitled to spread-of-hours compensation under New York regulations, which provide that any restaurant employee who works more than ten hours in a day "shall receive one hour's pay at the basic minimum hourly wage rate before allowances, in addition to the minimum wages otherwise required . . . ." N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7 (2009); *see also Saigon Grill*, 595 F. Supp. 2d at 260. Plaintiffs have demonstrated that they regularly worked more than ten hours in a day and more than forty hours in a week. *See* He Decl. ¶¶ 7, 9; Lin Decl. ¶¶ 7, 9; Wei Decl. ¶¶ 7, 9. Defendant is therefore liable to Plaintiffs for all unpaid overtime and spread-of-hours compensation.

### B. *Work "Suffered or Permitted"*

Defendant is liable for any time Plaintiffs worked before 11:00 am on weekdays, when Home on 8th opened. Defendant argues that Plaintiffs were not required to begin work before 11:00 a.m. on weekdays. *See* Def.'s Mem. 4-7. However, "work that is not requested by an employer, but is nevertheless 'suffer[ed] or permit[ted],' is compensable work time under both [the FLSA and NYLL]." *Moon v. Kwon*, 248 F. Supp. 2d 201, 228 (S.D.N.Y. 2002) (citing 29 C.F.R. § 785.11; N.Y. Lab. Law § 2(7)). An employer "suffers or permits" work to be done where he knows an employee is working but does not prevent that employee from working. *See Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2d Cir. 2008) ("An employer who has knowledge that an employee is working, and who does not desire the work be done, has a duty to make every effort

to prevent its performance . . . .") (citations omitted).  Although Defendant did not generally require Plaintiffs to arrive at 10:30 a.m. on days when they were not required to distribute menus, he permitted Plaintiffs to do so.  Defendant is therefore liable for any time Plaintiffs worked before 11:00 a.m. on weekdays.

### C. *Meal Breaks*

Similarly, Defendant is liable under federal regulations for the time Plaintiffs spent eating meals.  Those regulations provide:

> Periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked.  He is not completely relieved from duty and cannot use the time effectively for his own purposes unless he is definitely told in advance that he may leave the job and that he will not have to commence work until a definitely specified hour has arrived.  Whether the time is long enough to enable him to use the time effectively for his own purposes depends upon all of the facts and circumstances of the case.

29 C.F.R. § 785.16(a) (2014).  Plaintiffs' meal breaks generally were ten to fifteen minutes long, and Plaintiffs did not take meal breaks during busy periods.  Tr. 76:16, 124:01-11.  During their ten to fifteen minute breaks, Plaintiffs did not have sufficient time to use effectively for their own purposes.  *See, e.g.*, *Moon*, 248 F. Supp. 2d at 229-30 (finding time compensable where plaintiff was expected to remain available to perform tasks at a hotel, even while plaintiff was not actively performing such tasks).  Therefore, the time Plaintiffs spent eating meals is compensable.

### VII. Bicycle-Related Expenses

Under federal regulations, an employee's wages must be "free and clear" of all "'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit . . . . [that] cut[] into the minimum or overtime wages required to be paid him under the [FLSA]."  29 C.F.R. § 531.35 (2014).  Such "kicks-back" include expenses employees incur when they are

required to purchase and maintain bicycles for delivery jobs. *See Saigon Grill*, 595 F. Supp. 2d at 257 ("There is no question . . . that vehicular transportation—whether by bicycle or motorbike— was a necessary component of the job of the deliverymen" because "[t]he primary role of these men was to deliver hot meals to hungry and often impatient customers over a large geographic expanse."). Similarly, New York regulations provide that "[t]he minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer." N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5(b) (2009). This language also has been applied to reimburse employees for their bicycle-related expenses. *Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071 (SAS) (AJP), 2009 WL 289653, at *5 (S.D.N.Y. Jan. 30, 2009) *report and recommendation adopted*, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009).

Defendant argues that he should not be held liable for Plaintiffs' bicycle-related expenses because he did not require Plaintiffs to use bicycles. Def.'s Mem. 16. While Defendant may not have expressly required Plaintiffs to purchase bicycles, he does not dispute that he "expected" Plaintiffs to purchase them. *See* Stips. ¶ 29. As in *Saigon Grill*, Plaintiffs were responsible for regularly delivering food over a large area of New York City, and thus were effectively required to have bicycles to fulfill their job responsibilities. *Id.* ¶ 12. Moreover, in this context, "requiring" as compared to "expecting" Plaintiffs to have bicycles in good repair is a distinction without a difference. Accordingly, Defendant is liable to Plaintiffs for their reasonable bicycle-related expenses.[20]

---

[20] Courts have imposed caps and adjusted awards for such expenses where plaintiffs have failed to provide "a detailed explanation to support plaintiffs' expense estimates." *Cao*, 2010 WL 4159391, at *5; *see also Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 LLS JLC, 2012 WL 1669341, at *8 (S.D.N.Y. May 14, 2012).

## Conclusion

Plaintiff Lee's claim is DISMISSED.  Consistent with this opinion, Defendant Henry Li is liable to Plaintiffs Lin, Wei, and He, in an amount to be determined at the inquest on damages, for unpaid compensation, liquidated damages, and bicycle-related expenses.[21]

Dated: August 13, 2014
     New York, New York

                                      SO ORDERED:

                                        _George B Daniels_

                                      GEORGE B DANIELS
                                      United States District Judge

---

[21] It is for Magistrate Judge Dolinger to decide during the joint inquest on damages for Defendants Home on 8th and Li the extent of any prejudgment interest and attorneys' fees.